# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5530 | **DATE** | 11/12/2003 |
| **CASE TITLE** | Nona Farrar vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' joint motion to dismiss [16-1] is granted in part and denied in part. Defendants' joint motion to dismiss is granted for Counts I, but only for the Due Process Clause component, IV and V and denied for Count I, but only for the First Amendment retaliation component, II, III, VI, and X. Parties are granted leave to proceed with discovery. All discovery must be completed on or before 2/27/04. Any dispositive motions are to be filed on or before 3/31/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NONA FARRAR, ) ) Plaintiff, ) ) v. ) ) CITY OF CHICAGO, *et al.*, ) ) Defendants. ) | No. 03 C 5530<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nona Farrar brought a ten-count complaint against Chicago police officers, E. Bracamondes and D. Adams, as well as other unidentified Chicago police officers, in their individual and official capacities ("Defendant police officers"), the City of Chicago, and her sister, Carmelita Farrar. Presently before this Court is Defendant police officers and Defendant City of Chicago's ("Defendants") joint motion to dismiss seven counts in Plaintiff's amended complaint. For the reasons provided below, this Court grants in part and denies in part Defendants' joint motion. (R. 16-1.)

## RELEVANT FACTS[1]

On September 8, 2002, Plaintiff called Defendant Farrar to inform her that she would not be able to pick up Defendant Farrar's daughter after school. (R. 10, Amended Compl. ¶¶ 9, 116.) Defendant Farrar responded by threatening to come over to Plaintiff's home and beat her up. (*Id.* ¶ 118.) Defendant Farrar also left two voicemail messages for Plaintiff threatening bodily harm. (*Id.* ¶¶ 2, 5.) Plaintiff has preserved one of these messages as evidence. (*Id.* ¶ 50.) After

---

[1] The following facts are drawn from the complaint, which we assume are true for purposes of a motion to dismiss. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996).

listening to these messages, Plaintiff spoke to Defendant Farrar on the phone. (*Id.* ¶ 120.) Defendant Farrar again threatened Plaintiff and said she was outside of her home. (*Id.*) While there, Defendant Farrar yelled threats at Plaintiff. (*Id.* ¶ 122.)

Plaintiff called the police while Defendant Farrar was outside of her home. (*Id.* ¶¶ 1-2, 10.) When Defendant police officers arrived, Defendant Farrar was no longer there. (*Id.* ¶¶ 2, 12.) Defendant police officers listened to the voicemail messages and laughed. (*Id.* ¶¶ 3-4, 6-7.) One of Defendant police officers said that Defendant Farrar should not have had any children. (*Id.* ¶ 43.) Plaintiff asked Defendant police officers to investigate and arrest Defendant Farrar. (*Id.* ¶¶ 5, 13.) She also told them that she had to go to work later that evening. (*Id.* ¶ 20.) Defendant police officers wrote up a report and told Plaintiff how to get an arrest warrant, but did not investigate or arrest Defendant Farrar. (*Id.* ¶ 13.) Plaintiff, fearing Defendant Farrar, decided not to go to work that night. (*Id.* ¶¶ 18, 32.)

The following morning, as Plaintiff was leaving her home to get an order of protection, she saw Defendant Farrar driving slowly past her home. (*Id.* ¶ 34.) Plaintiff saw Defendant Farrar park her car near the bus station where Plaintiff was going to catch a bus to the state's attorney's office. (*Id.* ¶ 36.) Plaintiff sought safety in a McDonald's restaurant. (*Id.*)

Plaintiff alleges that Defendant police officers did not investigate or arrest Defendant Farrar because they were retaliating against her for previous lawsuits she has filed against Defendant City of Chicago. (*Id.* ¶ 29.) She also alleges that Defendant police officers did not investigate or arrest Defendant Farrar because of her race (African-American) and class and because she has sued Defendant City of Chicago. (*Id.* ¶¶ 41-42.) She further alleges that Defendant police officers conspired to violate her constitutional rights because of her race,

gender and political activities. (*Id.* ¶ 125.) Finally, she alleges that Defendant City of Chicago has a widespread policy or custom of failing to properly train officers responding to domestic violence calls. (*Id.* ¶ 82.)

As a result of Defendants' actions, Plaintiff suffered loss of freedom, loss of sleep, anxiety, depression, humiliation, ridicule, emotional distress, anger, fear, hopelessness, head and neck pains, chest pains, crying spells and a fear that she would not be protected by officers from the police station in her district. (*Id.* ¶¶ 39, 73, 98, 115.)

## LEGAL STANDARDS

This Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002). This Court will accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint states a claim if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Fair notice requires a complaint to include "the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 198 (7th Cir. 1985). "The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe [her] claim briefly and simply." *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). A plaintiff can plead herself out of court by pleading facts that undermine the

3

allegations set forth in her complaint. *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). This Court will liberally construe complaints filed by *pro se* plaintiffs and does not require "the stringent standards expected of pleadings drafted by lawyers." *Id.*

## ANALYSIS

Counts I-V and X name Defendant police officers. Count I is a 42 U.S.C. § 1983 claim alleging violations of the First Amendment and the Due Process Clause.[2] Count II is a 42 U.S.C. § 1983 claim alleging violations of the Equal Protection Clause. Count III is a state-law intentional infliction of emotional distress claim. Count IV is a state-law claim premised on violations of the Illinois Domestic Violence Act, 750 Ill. Comp. Stat. 60. Count V is a state-law willful and wanton conduct claim. Count X is a 21 U.S.C. § 1985(3) claim alleging a conspiracy to deprive Plaintiff of her constitutional rights. Count VI, which names Defendant City of Chicago, is a 21 U.S.C. § 1983 claim alleging failure to train police officers how to respond to domestic violence. Defendants seek dismissal of Counts I-VI and X. The remaining counts, Counts VII-IX, only name Defendant Farrar, who did not join this motion to dismiss.

### I. Farrar's Constitutional Claims: Counts I, II, VI and X

#### A. 42 U.S.C. § 1983

---

[2] Federal Rule of Civil Procedure 10(b) requires that "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b); *see Novotny v. Porzycki*, No. 03-CV-8564, 2003 WL 21384638, at *1 (N.D. Ill. June 13, 2003). While separation of these claims would have facilitated clear presentation, *pro se* complaints should be liberally construed. *McCormick*, 230 F.3d at 325. As this Court, as well as Defendants, have identified both claims in Count I, there is no reason to dismiss this count so that Plaintiff can replead.

4

Counts I, II and VI are 42 U.S.C. § 1983 claims. "To state a claim under § 1983 a plaintiff must allege two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Plaintiff alleges that the conduct complained of in Counts I, II and VI was committed by persons acting under color of state law: Defendant police officers and Defendant City of Chicago. The only issue is whether Plaintiff alleges that the complained-of conduct deprived her of a constitutional right.

### 1. First Amendment: Count I

Plaintiff alleges that Defendant police officers deprived her of her First Amendment rights by retaliating against her because she has previously sued Defendant City of Chicago. Plaintiff alleges that Defendant police officers retaliated against her by not investigating or arresting Defendant Farrar. Plaintiff states a retaliation claim if she "specifie[s] both the suit and the act of retaliation." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (stating that a plaintiff's failure to allege "a chronology of events from which retaliation can be inferred" or reliance on "conclusory" allegations does not mandate dismissal). Plaintiff alleges that she has previously sued Defendant City of Chicago and that as a result Defendant police officers did not investigate or arrest Defendant Farrar. Thus, Plaintiff's complaint provides Defendants with fair notice of her First Amendment retaliation claim. Accordingly, this Court denies Defendants' joint motion to dismiss Count I with respect to Plaintiff's First Amendment retaliation claim.

### 2. Due Process Clause: Count I

Plaintiff alleges that Defendant police officers deprived her of her due process rights by failing to protect her from Defendant Farrar. The Supreme Court in *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989), stated that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Plaintiff has alleged nothing more than the State's failure to protect her from the prospect of private violence. Thus, Plaintiff has not alleged any conduct that deprived her of her due process rights. Accordingly, this Court grants Defendants' joint motion to dismiss Count I with respect to Plaintiff's Due Process Clause claim.

### 3. Equal Protection Clause: Count II

"To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against [her] because of [her] identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Alternatively, a plaintiff can state a "class of one" equal protection claim by alleging that a "governmental body treated individuals differently who were identically situated in all respects rationally related to the government's mission." *Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1181 (7th Cir. 1996). Plaintiff alleges that Defendant police officers deprived her of equal protection by failing to investigate and arrest Defendant Farrar. She alleges that Defendant police officers discriminated against her because of her race and class and because she has filed prior lawsuits against Defendant City of Chicago. Thus, Plaintiff has properly alleged an equal protection claim. Accordingly, this Court denies Defendants' joint motion to dismiss Count II.

6

### 4. Failure to Train Claim: Count VI

In order to state a § 1983 claim against Defendant City of Chicago for failure to train, Plaintiff must allege that:

> (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) Plaintiff's constitutional injuries were caused by a person with final policymaking authority.

*McCormick*, 230 F.3d at 324. Plaintiff alleges that Defendant City of Chicago failed to properly train Chicago police officers how to respond to domestic violence. The Supreme Court has held that the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The Court explained that city policymakers "could reasonably be said to have been deliberately indifferent" if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights." *Id.* at 390.

The Seventh Circuit, however, has cautioned that "not all inadequacies in city policy are so 'obvious' and so likely to result in constitutional injuries that plaintiffs can expect even to cross the pleadings threshold by asserting boilerplate allegations of inadequate policy." *Gibson v. City of Chi.*, 910 F.2d 1510, 1522 n.20 (7th Cir. 1990); *see Strauss v. City of Chi.*, 760 F.2d 765, 767 (7th Cir. 1985) (dismissing a complaint for failure to state a claim because plaintiff alleged no facts indicating that the municipal policy even existed). Nonetheless, in *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 480 (7th Cir. 1997), the Seventh Circuit, while acknowledging that failure-to-train claims can suffer from "boilerplate vagueness," held that

7

extremely bare-bones allegations were sufficient to state failure-to-train claim. As Plaintiff has alleged that the City has a policy of inadequately training police officers to respond to domestic violence, she has stated a failure-to-train claim against Defendant City of Chicago.

Finally, Defendants assert that Plaintiff has not alleged that a policymaker for Defendant City of Chicago was the moving force behind the policy of failing to train police officers to respond to domestic violence. In *Latuskin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001), the Seventh Circuit dismissed a claim because the plaintiff did not allege "a link between the City and the alleged policy." The plaintiff only alleged that the Chicago Police Department "and its supervisory officials turned a blind eye to the parties," and nothing in the complaint suggested that the underlying conduct "should have come to the attention of City policymakers." *Id.* Plaintiff, however, consistently alleges that Defendant City of Chicago has a policy of failing to train police officers how to respond to domestic violence. At this stage of the proceedings, Plaintiff only needs to provide Defendant City of Chicago with fair notice of her claim. She has done so. Accordingly, this Court denies Defendants' joint motion to dismiss Count VI.

### B. 42 U.S.C. § 1985(3)

"A plaintiff raising a claim under § 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). The acts in furtherance of the alleged conspiracy must be pled with specificity. *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985); *Vakharia v. Little Co. of Mary Hosp.*, 2 F. Supp. 2d 1028, 1032 (N.D. Ill. 1998).

8

Plaintiff alleges that Defendant police officers conspired to deprive her of the equal protection of the laws because of her race, gender and political activities. She also alleges that she was deprived of her constitutional rights. Finally, she alleges that Defendant police officers acted in furtherance of this conspiracy by refusing to investigate and arrest Defendant Farrar. Thus, Plaintiff has alleged a 42 U.S.C. § 1985(3) claim against Defendant police officers. Accordingly, this Court denies Defendants' joint motion to dismiss Count X.

## II. Farrar's State-Law Claims: Counts III-V

### A. Intentional Infliction of Emotional Distress: Count III

Plaintiff alleges that Defendant police officers engaged in extreme and outrageous conduct by refusing to investigate and arrest Defendant Farrar and by laughing at the threatening voicemail message. Under Illinois law, in order to allege intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct, (2) intent to inflict severe emotional distress or knowledge that such distress is highly probable, and (3) that the defendant's conduct did in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). "[T]he tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id.* (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). Liability exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976).

The facts that Plaintiff has alleged do not qualify as extreme or outrageous, but federal notice-pleading standards do not require her to allege all facts in support of her claim. *Theriault v. Vill. of Schaumburg*, No. 02 C 7058, 2002 WL 31803826, at *4 (N.D. Ill. Dec. 12, 2002); *but*

*see Kamberas v. Infiniti of Orland Park, Inc.*, No. 02 C 3000, 2002 WL 31248538, at *3 (N.D. Ill. Oct. 4, 2002) (permitting dismissal "if it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in her claim"). Accordingly, this Court denies Defendants' joint motion to dismiss Count III.

### B. Willful and Wanton Conduct: Count IV and V[3]

Plaintiff alleges that Defendant police officers willfully and wantonly violated the Illinois Domestic Violence Act of 1986, 750 Ill. Comp. Stat. 60. The Illinois Supreme Court recognizes a right of action for civil damages under this Act and requires plaintiffs to allege that "he or she is a person in need of protection under the Act, the statutory law enforcement duties owed to him or her were breached by willful and wanton acts or omissions of law enforcement officers, and such conduct proximately caused plaintiff's injuries." *Calloway*, 659 N.E.2d at 1328.

Under the Illinois Domestic Violence Act, law enforcement officers must "use all reasonable means to prevent further abuse, neglect, or exploitation." 750 Ill. Comp. Stat. § 60/304. Arrest is one of several means available to law enforcement officers. *Id.* Additionally, when law enforcement officials do not make an arrest or initiate criminal proceedings, they must write up a police report, inform the victim of her right to request the

---

[3] Count IV is titled "Intentional Violation of Illinois Domestic Violence Act" and Count V is titled "Willful and Wanton Behavior." Both counts allege that Defendant police officers willfully and wantonly violated the Illinois Domestic Violence Act. Plaintiff argues that these two claims are distinct since Illinois recognizes a tort of willful of wanton behavior. *Doe v. Calumet City*, 641 N.E.2d 498, 505 (Ill. 1994). Yet since potential liability is premised on Defendant police officers' violation of the Illinois Domestic Violence Act, plaintiff has alleged the same cause of action in both counts. *See Calloway v. Kinkelaar*, 659 N.E.2d 1322, 1328 (Ill. 1995).

10

initiation of a criminal proceeding and advise the victim of the importance of seeking medical attention and preserving evidence. *Id.*

Plaintiff alleges that Defendant police officers breached a statutory duty by not investigating or arresting Defendant Farrar. Yet the Illinois Domestic Violence Act does not require law enforcement officers to arrest every abusive individual; it only requires them to use reasonable means. Additionally, the Illinois Domestic Violence Act specifies the actions law enforcement officials must take when they decide not to make an arrest. Plaintiff states that Defendant police officers wrote up a police report and that they informed her how to initiate a criminal proceeding. She also states that she preserved the threatening voicemail as evidence. Thus, Plaintiff has pled herself out of court by pleading facts that establish that Defendant police officers complied with the Illinois Domestic Violence Act. Accordingly, Defendants' joint motion to dismiss Counts IV and V is granted.

## CONCLUSION

For the reasons provided above, this Court grants in part and denies in part Defendants' joint motion to dismiss. (R. 16-1.) Defendants' joint motion to dismiss is granted for Counts I, but only for the Due Process Clause component, IV and V and denied for Count I, but only for the First Amendment retaliation component, II, III, VI and X.

This case will proceed into discovery. All discovery must be completed by February 27, 2004. Any dispositive motions will be due on or before March 31, 2004.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: **November 12, 2003**

11